SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANTHONY GUZZONE,
MICHAEL CAMPANA,
RONALD OLSON,
VITO NIGRO,
LITESPEED ELECTRIC, INC.,
ROBERT FLEMING,
DONNA FLEMING,
LOUIS SQUILLANTE,
MEHUL "MIKE" CHANGANI,
THOMAS CONTE,
HUGH O'KANE ELECTRIC, INC.,
HUGH R. O'KANE,
COOLING GUARD MECHANICAL CORP.,
MICHAEL CARRONE,
RAFAEL BENTANCOURT,
ANGEL OCASIO,

Defendants.

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuse the defendants of the crime of **CONSPIRACY IN THE FOURTH DEGREE**, in violation of Penal Law §105.10(1), committed as follows:

The defendants in the County of New York, and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, with the intent that conduct constituting the class B and C felonies of Grand Larceny in the First and Second Degrees be performed, agreed with each other and others to engage in and cause the performance of such conduct.

It was the ultimate purpose of the conspiracy to steal millions of dollars from Bloomberg LP during construction projects at Bloomberg LP properties located at 120 Park Avenue and 919 Third Avenue in New York County. Under this scheme, during the period of this conspiracy, Bloomberg LP executives Anthony Guzzone (Head of Global Construction) and Michael Campana (Construction Manager) colluded with Turner Construction Company executives Ronald Olson (Vice-president and Account Executive) and Vito Nigro (Project Superintendent), and other Bloomberg and Turner employees, to steal money from Bloomberg LP by inflating subcontractor bids, creating of fictitious change and/or work orders, and misappropriating unused allowance money.

In furtherance of the conspiracy the defendants agreed with various subcontracting company owners, executives, vendors, and others, including but not limited to, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Cooling Guard Mechanical Corp., Michael Carrone, Rafael Bentancourt, and Angel Ocasio to assist them in the commission of the thefts and conceal the crimes by laundering the criminal proceeds, bid-rigging, falsifying business records, and the paying of commercial bribes.

## OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, during the period from on or about May 2, 2011, to on or about October 12, 2017, the following overt acts, among others, were committed:

1. In the Spring of 2011, Anthony Guzzone, Ronald Olson, Vito Nigro, and a co-conspirator known to the Grand Jury, in New York County, met and discussed a larceny/kickback scheme involving subcontractors seeking work at Bloomberg LP.

2. On or about January 4, 2012, Michael Carrone and a co-conspirator known to the Grand Jury, cashed a Cooling Guard Mechanical Corp. issued check at a commercial check cashing business in New York County.

3. On or about January 4, 2012, Michael Carrone and a co-conspirator known to the Grand Jury, delivered an envelope containing cash to Vito Nigro at 120 Park Avenue in New York County.

4. In or about February 2013, Ronald Olson, Vito Nigro, and Robert Fleming met with a co-conspirator known to the Grand Jury, in New York County, and discussed a larceny/kickback scheme involving the submission of fictitious invoices to Litespeed Electric, Inc., with payment ultimately being made by Bloomberg LP, related to the project at 120 Park Avenue.

5. On or about June 26, 2013, Anthony Guzzone, Ronald Olson, Vito Nigro, and a co-conspirator known to the Grand Jury met with Michael Campana, in New York County, and informed Michael Campana that he may participate in the larceny/kickback scheme.

6. On or about March 9, 2015, Robert Fleming met with a co-conspirator's wife to discuss placing her on Litespeed Electric, Inc.'s payroll for a "no show" job.

7. In or about the Summer of 2015, Rafael Betancourt met with a co-conspirator known to the Grand Jury in New York County, to discuss a scheme to generate cash through the submission of fictitious purchase orders from Hugh O'Kane Electric, Inc.

8. On or about June 22, 2015, Anthony Guzzone sent a text message to a co-conspirator directing the delivery of a custom fabricated glass table top to an address in Brooklyn.

9. On or about July 24, 2015, Donna Fleming and Mehul "Mike" Changani submitted a pre-qualification and Women's Business Enterprise application to the New York City School Construction Authority.

10. On or about August 5, 2015, Donna Fleming signed and executed the certification for the application.

11. On or about August 5, 2015, Mehul "Mike" Changani signed and executed the certification for the application.

12. In mid-2015, Thomas Conte met with a co-conspirator known to the Grand Jury, and directed that Litespeed Electric, Inc. could award electrical contracts at Bloomberg LP to Hugh O'Kane Electric, Inc. provided that Hugh O'Kane Electric, Inc. and its owners and executives engaged in bid-rigging.

13. In mid-2015, Hugh R. O'Kane met with two co-conspirators known to the Grand Jury, in New York County, and authorized the co-conspirators to engage in bid-rigging with Litespeed Electric, Inc. and its owners and executives related to the project at 919 Third Avenue.

14. In or about September 2015, Robert Fleming and Thomas Conte met with a co-conspirator known to the Grand Jury and provided the bid figures for the project at 919 Third Avenue.

15. On or about September 15, 2015, Robert Fleming and Thomas Conte instructed a co-conspirator that Hugh O'Kane Electric, Inc. would receive the contract and would have to issue a purchase order in the amount of $200,000 to another electric subcontractor known to the Grand Jury.

16. In or about September 2015, Hugh R. O'Kane met with two co-conspirators known to the Grand Jury in New York County, and authorized them to submit the bid containing figures provided by Litespeed Electric, Inc., including the $200,000 for another electric subcontractor known to the Grand Jury.

17. In or about and between September 2015 and February 2016, Robert Fleming met with a co-conspirator known to the Grand Jury and directed that Hugh O'Kane Electric, Inc. would be awarded allowances in their contract inflated by approximately $3,000,000.

18. In or about and between September 2015 and February 2016, Hugh R. O'Kane met with two co-conspirators known to the Grand Jury and discussed the above-referenced inflated allowances.

19. On or about November 24, 2015, Robert Fleming had a text message conversation with a co-conspirator known to the Grand Jury during which the co-conspirator shared confidential Bloomberg LP budgeting information with Robert Fleming in order to provide a competitive edge to Litespeed Electric, Inc. during the bidding process.

20. On or about December 22, 2015, Vito Nigro sent a series of text messages to a co-conspirator known to the Grand Jury directing the co-conspirator to place a cash kickback inside Vito Nigro's office drawer.

21. On or about December 22, 2015, a co-conspirator known to the Grand Jury placed an envelope containing cash in Vito Nigro's office drawer.

22. In the Winter of 2015, Thomas Conte met with two co-conspirators known to the Grand Jury in New York County, and offered to transfer $3,250,000 in scope from Litespeed Electric, Inc. to Hugh O'Kane Electric, Inc. in exchange for $300,000 in cash.

23. In the late Spring/early Summer of 2016, Thomas Conte received $300,000 in cash from a co-conspirator known to the Grand Jury in exchange for transferring the above-referenced scope of work to Hugh O'Kane Electric, Inc.

24. On or about January 12, 2016, Mehul "Mike" Changani directed Litespeed Electric, Inc.'s payroll department to set the salary of a co-conspirator's wife at $154,700 per year in connection with a no show job.

25. On or about April 19, 2016, Vito Nigro sent a text message to a co-conspirator known to the Grand Jury which stated, "When do u think u will be coming with sandwiches. The crew is hungry and want to eat," requesting that the co-conspirator make a kickback payment to Vito Nigro and other conspirators.

26. On or about June 3, 2016, in New York County, Angelo Ocasio issued a purchase order to A&G Electrical Consulting.

27. In or about July 2016, in New York County, Ronald Olson and Vito Nigro met with co-conspirators from two electrical subcontractor companies and directed them to pay approximately $100,000 for work at Vito Nigro's New Jersey residence.

28. On or about August 4, 2016, Robert Fleming had a text message conversation with a co-conspirator known to the Grand Jury in which the co-conspirator provided competing bids to Robert Fleming.

29. On or about August 22, 2016, in New York County, Ronald Olson and Vito Nigro directed a co-conspirator known to the Grand Jury to falsify and process for payment a subcontractor change order.

30. On or about August 26, 2016, in New York County, Angel Ocasio forwarded an email containing an invoice from A&G Electrical Consulting to Rafael Betancourt.

31. On or about August 26, 2016, in New York County, Rafael Betancourt, via email, directed a payment be issued to A&G Electrical Consulting.

32. In the Fall of 2016, in New York County, Michael Campana met with a co-conspirator known to the Grand Jury and discussed the manner in which the co-conspirator would pay Michael Campana a kickback.

33. In or about September 2016, Ronald Olson directed Hugh O'Kane Electric, Inc. to pay a $400,000 kickback to him and Vito Nigro in exchange for receiving the inflated allowance promised by Robert Fleming.

34. In or about September 2016, Ronald Olson directed a co-conspirator known to the Grand Jury to submit a letter to the construction management company in order to receive payment of more than $3,000,000 related to the inflated allowance.

35. In the Fall of 2016, Ronald Olson received $400,000 in cash from a co-conspirator known to the Grand Jury.

36. On or about November 3, 2016, Angelo Ocasio emailed purchase orders related to purported materials purchased for the project at 919 Third Avenue to A&G Electrical Consulting.

37. On or about December 2, 2016, Michael Campana sent a letter with an enclosed check to The Park Savoy Catering Hall.

38. On or about March 24, 2017, a co-conspirator known to the Grand Jury paid Ronald Olson in cash in New York County.

39. On or about April 19, 2017, Anthony Guzzone received a custom fabricated bar at his New Jersey residence.

40. On or about June 6, 2017, Vito Nigro sent a text message to Michael Carrone, in which he asked when Michael Carrone would be bringing "lunch and sandwiches . . . so I can tell them."

41. In the Summer of 2017, Michael Campana directed a co-conspirator known to the Grand Jury, to issue payment to his wedding photographer to cover a portion of an owed kickback.

42. On or about July 13, 2017, Anthony Guzzone had a text message conversation with a co-conspirator known to the Grand Jury during which they arranged to meet in New York County to discuss the manner in which Anthony Guzzone would receive the remainder of his kickback payment.

43. On or about July 13, 2017, Anthony Guzzone met with a co-conspirator known to the Grand Jury at East 59th Street and Lexington Avenue in New York County, and indicated that he would receive the remainder of his kickback through payments for construction work at his residence in New Jersey.

44. On or about August 24, 2017, Vito Nigro and Michael Carrone had a text message conversation, in which Vito Nigro stated that "the guys keep asking" when Michael Carrone will make the next kickback payment, and that Cooling Guard Mechanical Corp. "won't be seeing gravy for a very long time," if a payment is not received.

45. On or about September 5, 2017, Vito Nigro sent a text message to Michael Carrone, which stated, "When u bringing lunch so we're done. The other guy is getting married. Would be nice."

46. On or about September 11, 2017, Michael Carrone sent a series of text messages to Vito Nigro, in which he stated that he had hidden a kickback payment inside Vito Nigro's office at 919 Third Avenue in New York County.

47. On or about September 12, 2017, Michael Carrone sent a text message to Vito Nigro which stated, "How was the sandwich," a reference to the kickback payment delivered to Vito Nigro's office the previous day.

48. On or about September 12, 2017, in response to the above text message, Vito Nigro sent a text message to Michael Carrone which stated, "Thank you for lunch. Have to see some of guys tomorrow."

49. On or about October 10, 2017, Vito Nigro sent a text message to Michael Carrone, which stated, "When are you bringing sandwiches so we're done. Also what about grilles," referring to kickback payments from Cooling Guard and the status of work being done by Cooling Guard at Vito Nigro's New Jersey residence.

50. On or about October 12, 2017, Michael Campana possessed approximately $239,800 in cash at his residence in Westchester County.

SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro of the crime of **GRAND LARCENY IN THE FIRST DEGREE**, in violation of Penal Law §155.42, committed as follows:

The defendants in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded one million dollars.


THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **GRAND LARCENY IN THE FIRST DEGREE**, in violation of Penal Law §155.42, committed as follows:

The defendants in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded one million dollars.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **CONTRACT IN RESTRAINT OF TRADE/MONOPOLY**, in violation of General Business Law §§340(1) and 341, committed as follows:

The defendants, in the County of New York, from on or about May 2, 2011, to on or about October 12, 2017, knowingly entered into or attempted to enter into a contract, agreement, arrangement, or combination in unreasonable restraint of trade and competition, relating to contracting services for Bloomberg LP.


FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon an employee without the consent of his employer, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Michael Campana without the consent of his employer, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Michael Campana of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Litespeed Electric, Inc. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Ronald Olson without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Litespeed Electric, Inc. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

TENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Vito Nigro without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

ELEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Litespeed Electric, Inc. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

TWELFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York and elsewhere, on or about April 28, 2014, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, an invoice for payment.


THIRTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York and elsewhere, on or about February 11, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, an invoice for payment.

FOURTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Ronald Olson, Vito Nigro, Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York and elsewhere, on or about November 6, 2014, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, an invoice for payment.


FIFTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Ronald Olson, Vito Nigro, Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York and elsewhere, on or about October 5, 2015, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, an invoice for payment.

<u>SIXTEENTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Ronald Olson, Vito Nigro, Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York and elsewhere, on or about July 12, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, an invoice for payment.

SEVENTEENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, and Thomas Conte of the crime of **OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE**, in violation of Penal Law §175.35(1), committed as follows:

The defendants in the County of New York and elsewhere, on or about August 5, 2015, knowing that a written instrument, to wit an application for status as a Woman's Business Enterprise, contained a false statement and false information, and with intent to defraud the state and any political subdivision, public authority and public benefit corporation of the state, offered and presented it to a public office, public servant, public authority and public benefit corporation, with the knowledge and belief that it would be filed with, registered and recorded in and otherwise become a part of the records of such public office, public servant, public authority and public benefit corporation.

<u>EIGHTEENTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime of **GRAND LARCENY IN THE FIRST DEGREE**, in violation of Penal Law §155.42, committed as follows:

The defendants in the County of New York, during the period from on or about December 1, 2015, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded one million dollars.


<u>NINETEENTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime **MONEY LAUNDERING IN THE FIRST DEGREE**, in violation of Penal Law §470.20(1)(b)(i)(A) and (iii), committed as follows:

The defendants, in the County of New York and elsewhere, during the period from on or about June 7, 2016, to on or about May 8, 2017, acting with the knowledge that the property involved in one or more financial transactions represents the proceeds of class A, B or C felony, conducted one or more such financial transactions, which in fact involved the proceeds of any such felony, and with the intent to promote the carrying on of specified criminal conduct and the total value of said transactions exceeded one million dollars.

TWENTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime **MONEY LAUNDERING IN THE FIRST DEGREE**, in violation of Penal Law §470.20(1)(b)(ii)(A) and (iii), committed as follows:

The defendants, in the County of New York and elsewhere, during the period from on or about June 7, 2016, to on or about May 8, 2017, acting with the knowledge that the property involved in one or more financial transactions represents the proceeds of criminal conduct, conducted one or more such financial transactions, which in fact involved the proceeds of specified criminal conduct, and that said transactions, in whole or in part, were designed to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of criminal conduct and the total value of said transactions exceeded one million dollars.

TWENTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Ronald Olson, Vito Nigro, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime of **CONTRACT IN RESTRAINT OF TRADE/MONOPOLY**, in violation of General Business Law §§340(1) and 341, committed as follows:

The defendants, in the County of New York, from on or about December 1, 2015, to on or about October 12, 2017, knowingly entered into or attempted to enter into a contract, agreement, arrangement, or combination in unreasonable restraint of trade and competition, relating to contracting services for Bloomberg LP.


TWENTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about December 1, 2015, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Ronald Olson without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

TWENTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about December 1, 2015, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Hugh O'Kane Electric, Inc. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.


TWENTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about December 1, 2015, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Vito Nigro without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

<u>TWENTY-FIFTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about December 1, 2015, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Hugh O'Kane Electric, Inc. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.


<u>TWENTY-SIXTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about April 5, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of Hugh O'Kane Electric, to wit, a purchase order.

TWENTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about September 13, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a Hugh O'Kane Electric proposal letter.


TWENTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., and Hugh R. O'Kane of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about November 16, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a Hugh O'Kane Electric supervision extension letter.

TWENTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about April 18, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a Hugh O'Kane Electric purchase order.


THIRTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about June 3, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a purchase order.

THIRTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Litespeed Electric, Inc., Robert Fleming, Donna Fleming, Louis Squillante, Mehul "Mike" Changani, Thomas Conte, Hugh O'Kane Electric, Inc., Hugh R. O'Kane, Rafael Bentancourt, and Angel Ocasio of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, in the County of New York, on or about May 5, 2017, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a purchase order issued.

THIRTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, Vito Nigro, Cooling Guard Mechanical Corp., and Michael Carrone of the crime of **GRAND LARCENY IN THE FIRST DEGREE**, in violation of Penal Law §155.42, committed as follows:

The defendants in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded one million dollars.

THIRTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, Vito Nigro, Cooling Guard Mechanical Corp., and Michael Carrone of the crime of **CONTRACT IN RESTRAINT OF TRADE/MONOPOLY**, in violation of General Business Law §§340(1) and 341, committed as follows:

The defendants, in the County of New York, from on or about May 2, 2011, to on or about October 12, 2017, knowingly entered into or attempted to enter into a contract, agreement, arrangement, or combination in unreasonable restraint of trade and competition, relating to contracting services for Bloomberg LP.

THIRTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Cooling Guard Mechanical Corp. and Michael Carrone of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon an employee without the consent of his employer, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

THIRTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Cooling Guard Mechanical Corp. and Michael Carrone of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Anthony Guzzone without the consent of his employer, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

THIRTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Anthony Guzzone of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Cooling Guard Mechanical Corp. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

THIRTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Cooling Guard Mechanical Corp. and Michael Carrone of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Michael Campana without the consent of his employer, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

THIRTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Michael Campana of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Cooling Guard Mechanical Corp. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

THIRTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Cooling Guard Mechanical Corp. and Michael Carrone of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Ronald Olson without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

FORTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Cooling Guard Mechanical Corp. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FORTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Cooling Guard Mechanical Corp. and Michael Carrone of the crime of **COMMERCIAL BRIBING IN THE FIRST DEGREE**, in violation of Penal Law §180.03, committed as follows:

The defendants in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, conferred benefits exceeding one thousand dollars upon Vito Nigro without the consent of his principal, Bloomberg LP, with the intent to influence his conduct in relation to Bloomberg LP's affairs and thereby caused economic harm to Bloomberg LP in excess of two hundred fifty dollars.

FORTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from Cooling Guard Mechanical Corp. upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FORTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants, acting in concert with a subcontractor known to the Grand Jury ("Subcontractor-1") and others known to the Grand Jury, in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded fifty thousand dollars.


FORTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro, of the crime **MONEY LAUNDERING IN THE SECOND DEGREE**, in violation of Penal Law §470.15(1)(b)(i)(A) and (iii), committed as follows:

The defendants, acting in concert with "Subcontractor-1" and others known to the Grand Jury, in the County of New York and elsewhere, during the period from on or about August 9, 2016, to on or about October 12, 2017, acting with the knowledge that the property involved in one or more financial transactions represents the proceeds of specified criminal conduct, conducted one or more such financial transactions, which in fact involved the proceeds of specified criminal conduct, and with the intent to promote the carrying on of specified criminal conduct and the total value of said transactions exceeded one hundred thousand dollars.

FORTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro, of the crime **MONEY LAUNDERING IN THE SECOND DEGREE**, in violation of Penal Law §470.15(1)(b)(ii)(A) and (iii), committed as follows:

The defendants, acting in concert with "Subcontractor-1" and others known to the Grand Jury, in the County of New York and elsewhere, during the period from on or about August 9, 2016, to on or about October 12, 2017, acting with the knowledge that the property involved in one or more financial transactions represents the proceeds of criminal conduct, conducted one or more such financial transactions, which in fact involved the proceeds of specified criminal conduct, and that said transactions, in whole or in part, were designed to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of criminal conduct and the total value of said transactions exceeded one hundred thousand dollars.

FORTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro of the crime of **CONTRACT IN RESTRAINT OF TRADE/MONOPOLY**, in violation of General Business Law §§340(1) and 341, committed as follows:

The defendants, acting in concert with "Subcontractor-1" and others known to the Grand Jury, in the County of New York, from on or about May 2, 2011, to on or about October 12, 2017, knowingly entered into or attempted to enter into a contract, agreement, arrangement, or combination in unreasonable restraint of trade and competition, relating to contracting services for Bloomberg LP.

FORTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Anthony Guzzone of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-1" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FORTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Michael Campana of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-1" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FORTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-1" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FIFTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-1" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FIFTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson, and Vito Nigro of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, acting in concert with "Subcontractor-1" and others known to the Grand Jury, in the County of New York and elsewhere, on or about January 16, 2017, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a change order for 919 Third Avenue.

FIFTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants, acting in concert with a subcontractor known to the Grand Jury ("Subcontractor-2") and others known to the Grand Jury, in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded fifty thousand dollars.

FIFTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Anthony Guzzone of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-2" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

FIFTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Michael Campana of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-2" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.


FIFTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-2" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

<u>FIFTY-SIXTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-2" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

<u>FIFTY-SEVENTH COUNT</u>:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson and Vito Nigro of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, acting in concert with "Subcontractor-2" and others known to the Grand Jury, in the County of New York and elsewhere, on or about January 17, 2015, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a proposal letter for 120 Park Avenue.

FIFTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Ronald Olson, and Vito Nigro, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants, acting in concert with a subcontracting company known to the Grand Jury ("Subcontractor-3") and others known to the Grand Jury, in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded fifty thousand dollars.

FIFTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Anthony Guzzone of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-3" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-3" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-3" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson and Vito Nigro of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, acting in concert with "Subcontractor-3" and others known to the Grand Jury, in the County of New York, on or about August 22, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a Work Authorization form.


SIXTY-THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson and Vito Nigro of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, acting in concert with "Subcontractor-3" and others known to the Grand Jury, in the County of New York, on or about January 18, 2017, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a Work Authorization form.

SIXTY-FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Anthony Guzzone, Michael Campana, Ronald Olson, and Vito Nigro, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants, acting in concert with a subcontractor known to the Grand Jury ("Subcontractor-4") and others known to the Grand Jury, in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded fifty thousand dollars.


SIXTY-FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Anthony Guzzone of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-4" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTY-SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Michael Campana of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-4" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.


SIXTY-SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-4" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTY-EIGHTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-4" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SIXTY-NINTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson, and Vito Nigro, of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendants, acting in concert with a subcontractor known to the Grand Jury ("Subcontractor-5") and others known to the Grand Jury, in the County of New York, during the period from on or about May 2, 2011, to on or about October 12, 2017, stole property from Bloomberg LP and the value of the property exceeded fifty thousand dollars.

SEVENTIETH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Ronald Olson of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-5" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SEVENTY-FIRST COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendant Vito Nigro of the crime of **COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE**, in violation of Penal Law §180.08, committed as follows:

The defendant, in the County of New York and elsewhere, during the period from on or about May 2, 2011, to on or about October 12, 2017, without the consent of his employer or principal, solicited, accepted or agreed to accept a benefit valued in excess of one thousand dollars from "Subcontractor-5" upon the agreement or understanding that such benefit would influence his conduct in relation to his employer or principal and that economic harm exceeding two hundred fifty dollars was caused to said employer or principal.

SEVENTY-SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuse defendants Ronald Olson and Vito Nigro of the crime **FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE**, in violation of Penal Law §175.10, committed as follows:

The defendants, acting in concert with "Subcontractor-5" and others known to the Grand Jury, in the County of New York, on or about July 8, 2016, with intent to defraud, including the intent to commit another crime and to aid and conceal the commission thereof, made and caused a false entry in the business records of an enterprise, to wit, a change order letter.

CYRUS R. VANCE, JR.
District Attorney

GJ #9th Additional Grand Jury for the Seventh Term 2018

Filed:

NA

No.

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANTHONY GUZZONE,
MICHAEL CAMPANA,
RONALD OLSON,
VITO NIGRO,
LITESPEED ELECTRIC, INC.,
ROBERT FLEMING,
DONNA FLEMING,
LOUIS SQUILLANTE,
MEHUL "MIKE" CHANGANI,
THOMAS CONTE,
HUGH O'KANE ELECTRIC, INC.,
HUGH R. O'KANE,
COOLING GUARD MECHANICAL CORP.,
MICHAEL CARRONE,
RAFAEL BENTANCOURT,
ANGEL OCASIO,

Defendants.

INDICTMENT

CONSPIRACY IN THE FOURTH DEGREE, PL §105.10(1), all defendants (1 ct.)

GRAND LARCENY IN THE FIRST DEGREE, PL §155.42, defendants Anthony Guzzone (4 cts); Michael Campana (3 cts.); Ronald Olson (4 cts.); Vito Nigro (4cts.); Litespeed Electric, Inc. (2 cts.); Robert Fleming (2 cts.); Donna Fleming (2 cts.); Louis Squillante (2 cts.); Mehul "Mike" Changani (2 cts.); Thomas Conte (2 cts.); Hugh O'Kane Electric , Inc. (1 ct.); Hugh R. O'Kane (1 ct.); Cooling Guard Mechanical Corp. (1 ct.); Michael Carrone (1 ct.); Rafael Bentancourt (1 ct.); and Angel Ocasio (1 ct.)

GRAND LARCENY IN THE SECOND DEGREE, PL §155.40(1), defendants Anthony Guzzone (4 cts); Michael Campana (3 cts.); Ronald Olson (5 cts.); and Vito Nigro (5cts.)

MONEY LAUNDERING IN THE FIRST DEGREE, PL §470.20(1)(b)(i)(A) and (iii), defendants Anthony Guzzone; Ronald Olson; Vito Nigro; Litespeed Electric, Inc.; Robert Fleming; Donna Fleming; Louis Squillante; Mehul "Mike" Changani; Thomas Conte; Hugh O'Kane Electric, Inc.; Hugh R. O'Kane; Rafael Bentancourt; and Angel Ocasio

MONEY LAUNDERING IN THE FIRST DEGREE, PL §470.20(1)(b)(ii)(A) and (iii), defendants Anthony Guzzone; Ronald Olson; Vito Nigro: Litespeed Electric, Inc.; Robert Fleming; Donna Fleming; Louis Squillante; Mehul "Mike" Changani; Thomas Conte; Hugh O'Kane Electric, Inc.; Hugh R. O'Kane, Rafael Bentancourt; and Angel Ocasio

MONEY LAUNDERING IN THE SECOND DEGREE, PL §470.15(1)(b)(i)(A) and (iii), defendants Anthony Guzzone; Michael Campana; Ronald Olson; and Vito Nigro

MONEY LAUNDERING IN THE SECOND DEGREE, PL §470.15(1)(b)(ii)(A) and (iii), defendants Anthony Guzzone; Michael Campana; Ronald Olson; and Vito Nigro

CONTRACT IN RESTRAINT OF TRADE/MONOPOLY, GBL §§340(1) and 341, defendants Anthony Guzzone (4 cts); Michael Campana (3 cts.); Ronald Olson (4 cts.); Vito Nigro (4cts.); Litespeed Electric, Inc. (2 cts.); Robert Fleming (2 cts.); Donna Fleming (2 cts.); Louis Squillante (2 cts.); Mehul "Mike" Changani (2 cts.); Thomas Conte (2 cts.); Hugh O'Kane Electric , Inc. (1 ct.); Hugh R. O'Kane (1 ct.); Cooling Guard Mechanical Corp. (1 ct.); and Michael Carrone (1 ct.)

COMMERCIAL BRIBING IN THE FIRST DEGREE, PL §180.03, defendants Anthony Guzzone (6 cts);
Litespeed Electric, Inc. (6 cts.); Robert Fleming (6 cts.); Donna Fleming (6 cts.); Louis Squillante (6 cts.);
Mehul "Mike" Changani (6 cts.); Thomas Conte (6 cts.); Hugh O'Kane Electric. Inc. (2 cts.); Hugh R. O'Kane (2 cts.);
Cooling Guard Mechanical Corp. (5 cts.); and Michael Carrone (5 cts.)

COMMERCIAL BRIBE RECEIVING IN THE FIRST DEGREE, PL §180.08, defendants Anthony Guzzone (5 cts.);
Michael Campana (5 cts.); Ronald Olson (8 cts.); and Vito Nigro (8 cts.)

FALSIFYING BUSINESS RECORDS IN THE FIRST DEGREE, PL §175.10, defendants Anthony Guzzone (11 cts);
Ronald Olson (8 cts.); Vito Nigro (8 cts.); Litespeed Electric, Inc. (11 cts.); Robert Fleming (11 cts.); Donna Fleming (11 cts.);
Louis Squillante (11 cts.); Mehul "Mike" Changani (11 cts.); Thomas Conte (11 cts.); Hugh O'Kane Electric , Inc. (6 cts.);
Hugh R. O'Kane (6 cts.); Rafael Bentancourt (3 cts,); and Angel Ocasio (3 cts.)

OFFERING A FALSE INSTRUMENT FOR FILING IN THE FIRST DEGREE, PL §175.35(1), defendants Anthony Guzzone;
Litespeed Electric, Inc.; Robert Fleming; Donna Fleming; Louis Squillante; Mehul "Mike" Changani; and Thomas Conte

CYRUS R. VANCE, JR., District Attorney

A True Bill

Foreperson

ADA Christopher J. Beard
ADA James J. Hanley
Rackets Bureau