```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
NASTASI & ASSOCIATES, INC.,                             :
                                                        :
                                Plaintiff,              :      18-CV-12361 (JMF)
                                                        :
                -v-                                     :      MEMORANDUM OPINION
                                                        :           AND ORDER
BLOOMBERG, L.P., et al.,                                :
                                                        :
                                Defendants.             :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Nastasi & Associates, Inc. ("Nastasi") sues Bloomberg, L.P. and other Defendants, alleging violations of the Sherman Antitrust Act, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and various state laws. *See* ECF Nos. 1, 142 ("FAC"). On June 17, 2019, Defendants moved to dismiss the operative complaint for lack of standing, *see* ECF No. 148, at 7-8, citing a parallel state-court lawsuit brought by Nastasi and the Franklin D. Nastasi Trust (the "FDN Trust") in which Nastasi alleges that, "[e]ffective January 1, 2017, the FDN Trust became the owner of all of Nastasi's assets, including the rights to all of Nastasi's account receivables." ECF No. 155-4 ("NY Compl."), ¶ 9. In response, Nastasi did not move to join or substitute the FDN Trust as a plaintiff. Instead, on August 26, 2019, Nastasi opposed Defendants' motion. *See* ECF No. 167 ("Pl.'s Mem."). To the extent relevant here, Nastasi conceded that the FDN Trust "may have the rights to Nastasi & Associates' receivables," but denied that the FDN Trust "should be the real party in interest." *Id.* at 13. Nastasi pointed to "documentation" showing that it was "the proper party in interest" — namely, a Statement of Work executed by Nastasi and Bloomberg L.P. in 2010, ECF No. 142-2, and a letter referring to work that Nastasi had performed in 2015, ECF No. 142-3. Notably, Nastasi did not submit the

agreement assigning its assets to the FDN Trust or any other evidence that would suggest that the assignment of "all of Nastasi's assets" excluded the claims at issues in this case.

In light of these facts, the Court concludes that the case must be dismissed for lack of standing. Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const., Art. III, § 2. The Supreme Court has interpreted this language to require that all suits filed in federal court be "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). That, in turn, requires the party seeking to invoke federal jurisdiction — here, Nastasi — to establish that, at the time of filing, it was injured "in fact," a requirement that "helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted); *see also, e.g.*, *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (noting that standing "must exist at the commencement of the litigation"). A plaintiff cannot establish the requisite injury in fact where, before filing the lawsuit, it assigns its title or ownership of the claims at issue to another party. *See, e.g.*, *Valdin Invs. Corp. v. Oxbridge Capital Mgmt. LLC*, 651 F. App'x 5, 7 (2016) (summary order); *accord Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (1984) ("An unequivocal and complete assignment extinguishes the assignor's rights against the obligor and leaves the assignor without standing to sue the obligor." (applying New York law)); *Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12-CV-722 (PAE), 2012 WL 4849146, at *15-16 (S.D.N.Y. Oct. 12, 2012) (holding that the assignors lacked Article III standing because they "conferred the right to seek redress" on the assignee). Such a plaintiff's "assignment of its rights extinguishe[s] its claims . . . and deprive[s] it of any interest in th[e] litigation." *Valdin Investments Corp.*, 651 F. App'x at 7.

That is what happened here. Nastasi does not dispute that, before it filed this suit in 2018, it assigned all of its assets to the FDN Trust. Nor could it, as Nastasi itself affirmatively pleaded in its state-court complaint that, "[e]ffective January 1, 2017, the FDN Trust became the owner of *all* of Nastasi's assets." NY Compl. ¶ 9 (emphasis added). That broad language encompasses Nastasi's claims in this case. *See, e.g.*, *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2012 WL 13065889, at *2 (S.D.N.Y. Feb. 3, 2012) ("[A] valid assignment of 'all assets' includes an assignment of causes of action accrued to the assignor."); *Int'l Design Concepts, LLC v. Saks Inc.*, 486 F. Supp. 2d 229, 237 (S.D.N.Y. 2007) ("The assignment of 'all assets of [AGI]' is broad enough to encompass all causes of action owned by AGI."). And all of those claims are assignable. *See Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 74 F. Supp. 2d 213, 217 (E.D.N.Y. 1999) ("RICO claims are assignable."); *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99-100 (2d Cir. 2007) (stating that antitrust claims are assignable); *OneWest Bank, FSB v. Joam LLC*, No. 10-CV-1063 (JG) (SMG), 2011 WL 6967635, at *4 (E.D.N.Y. July 26, 2011) (same as to New York negligent supervision claims); *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, 771 F. App'x 498, 502 (2d Cir. 2019) (summary order) (noting that the plaintiff's Sherman Act, Donnelly Act, and RICO claims had been assigned by its "predecessor in interest"). It follows that Nastasi did not have "any interest" in this litigation when it filed suit and the Court lacks subject-matter jurisdiction. *Valdin Investments Corp.*, 651 F. App'x at 7.[1]

---

[1] Some courts have treated the defect at issue here as an issue under Rule 17 of the Federal Rules of Civil Procedure rather than a matter of Article III standing. *See, e.g.*, *QS Holdco Inc. v. Bank of Am. Corp.*, No. 18-CV-824 (RJS), 2019 WL 3716443, at *18 (S.D.N.Y. Aug. 6, 2019). That view is hard to square with Second Circuit decisions. *See Valdin*, 651 F. App'x at 7 (citing *Aaron Ferer* and concluding that "the District Court lacked subject-matter jurisdiction"); *see also In re Century/ML Cable Venture*, 311 F. App'x 455, 456 (2d Cir. 2009) (summary order)

The strongest counterargument — although, conspicuously, it is *not* one made by Nastasi — is that the assignment here is not explicit enough to encompass the claims in this case. After all, there are cases in which courts have held that the assignment of "all assets" does not encompass legal claims or causes of action. *See, e.g.*, *DNAML Pty, Ltd. v. Apple Inc.*, No. 13-CV-6516 (DLC), 2015 WL 9077075, at *5 (S.D.N.Y. Dec. 16, 2015); *see also, e.g.*, *Sullivan v. Nat'l Football League*, 34 F.3d 1091, 1106 (1st Cir. 1994). But the facts of these cases are distinguishable. *See DNAML Pty*, 2015 WL 9077075, at *5 (relying on another provision in the agreement explicitly transferring certain claims, but excluding the ones at issue); *Sullivan*, 34 F.3d at 1106 (construing a provision transferring "'all other assets' . . . besides those specifically listed and those specifically excluded"). And the Second Circuit has made clear that no "specific boilerplate" is required to assign claims, as long as there is proof of "an intention of transferring the chose in action to the assignee." *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 151-52 (2d Cir. 1995) (internal quotation marks omitted); *see also Lerman v. Joyce Int'l, Inc.*, 10 F.3d 106, 112 (3d Cir. 1993) ("As a general rule, terms of art are not required for a valid assignment." (internal quotation marks omitted)). That intention can be inferred here from Nastasi's own assertion that it broadly assigned "all . . . assets," NY Compl. ¶ 9, particularly since it did so in the wake of its self-described "collapse." FAC ¶ 157; *see* Pl.'s Mem. 12 (noting that Nastasi was "destroyed").[2] As the Second Circuit has observed,

---

(analyzing the validity of an assignment of claims in terms of Article III standing). In any event, even if the issue were analyzed under Rule 17, dismissal would still be required here, as Nastasi had a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Despite that, Nastasi fails to proffer any "semblance of any reasonable basis" for not adding or substituting the FDN Trust, *see Dekalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412 (2d Cir. 2016) (internal quotation marks omitted), particularly given that the FDN Trust is Nastasi's co-plaintiff in the parallel state case.

[2]     Needless to say, Nastasi is privy to the actual contractual language underlying the

"[a] party about to become defunct has little incentive to reserve transactional rights when transferring its interests to [a surviving corporation]." *Banque Arabe*, 57 F.3d at 152.

The arguments that Nastasi does make are even more easily rejected. First, presumably seizing on the reference in the state-court complaint to "all of Nastasi's account receivables," NY Compl. ¶ 9, Nastasi suggests that the assignment was limited to its receivables, *see* Pl.'s Mem. 12-13. But the state-court complaint refers to "*all of Nastasi's assets*, *including* the rights to all of Nastasi's account receivables," NY Compl. ¶ 9 (emphasis added), making plain that receivables are merely a subset, not the whole, of what was assigned, *see, e.g.*, *Chickasaw Nation v. United States*, 534 U.S. 84, 89 (2001) ("To 'include' is to 'contain' or 'comprise as part of a whole.'" (quoting Webster's Ninth New Collegiate Dictionary 609 (1985)). Second, Nastasi insists that it is "the proper plaintiff in this case" because it "participated in all of the acts which gave rise to" the claims in the operative complaint, citing as proof its 2010 contract with Bloomberg L.P. and a letter about work it performed in 2015. Pl.'s Mem. 12-13. That may be so, but it misses the point because standing "must exist at the commencement of the litigation." *Carter*, 822 F.3d at 55. Nastasi's own allegations in the state-court complaint establish that, between the acts that gave rise to the claims it asserts and its filing of the lawsuit, it assigned its claims to the FDN Trust. That deprived Nastasi "of any interest in this litigation," which means

---

assignment (whereas Defendants and the Court are not). One can infer — and the Court does infer — that if the actual language supported Nastasi, it would have shared the language in its opposition to Defendants' motion. Because the actual language is known to Nastasi, there is also no need to engage in jurisdictional discovery to obtain the contract. *See, e.g.*, *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011) (affirming the district court's denial of jurisdictional discovery because "Amidax, not the defendants, is in control of the relevant jurisdictional evidence" and therefore "Amidax had ample opportunity to uncover and present evidence" (internal quotation marks omitted)).

that it "lacks standing" and, in turn, that the Court "lack[s] subject-matter jurisdiction to reach the merits." *Valdin Investments Corp.*, 651 F. App'x at 7.

For the foregoing reasons, Defendants' motion to dismiss is granted for lack of standing and the operative complaint is dismissed in its entirety without prejudice. *See, e.g.*, *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) (holding that dismissal for lack of subject-matter jurisdiction must be without prejudice). The Clerk of Court is directed to terminate ECF No. 147 and close the case.

SO ORDERED.

Dated: March 11, 2020
       New York, New York

                                        JESSE M. FURMAN
                                       United States District Judge