UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                            :

NASTASI & ASSOCIATES, INC.,             :

                        Plaintiff,            :

                                          :              18-CV-12361 (JMF)

           -v-                        :

                                          :             <u>OPINION AND ORDER</u>

BLOOMBERG, L.P. et al.,               :

                        Defendants.         :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

         Plaintiff Nastasi & Associates, Inc. ("Nastasi") brings claims against Bloomberg, L.P.,

Turner Construction Company, and others alleging a scheme to rig the bids for billions of dollars

of interior construction work.  In 2020, citing a verified state court pleading in which Nastasi

itself had alleged that it had assigned all of its assets to another entity, this Court dismissed

Nastasi's claims for lack of Article III standing.  The Court noted that some courts had treated

such a pre-suit assignment as raising a real-party-in-interest issue under Rule 17(a) of the Federal

Rules of Civil Procedure rather than raising an issue of standing, but it concluded that dismissal

of Nastasi's claims was still required because Nastasi had failed to take steps to cure the defect

within a "reasonable time" as required by Rule 17(a)(3).  While the case was pending on appeal,

the Second Circuit decided *Fund Liquidation Holdings LLC v. Bank of Am. Corp*., 991 F.3d 370

(2d Cir. 2021), clarifying that pre-suit assignments do not raise constitutional standing issues and

should be analyzed under Rule 17 instead.  Citing this change in the law, the Circuit vacated this

Court's judgment and remanded for further proceedings.  *See Nastasi & Assocs., Inc. v.*

*Bloomberg L.P.*, 843 F. App'x 413 (2d Cir. 2021) (summary order) ("*Nastasi III*").

The question now presented on remand is whether or to what extent the Court must or should reconsider its earlier alternative holding that Nastasi's claims are subject to dismissal under Rule 17 as well.  Significantly, although the Second Circuit did not reach that question, it did not remand for *de novo* reconsideration.  Instead, its mandate is conspicuously narrow: Noting that this Court's alternative holding under Rule 17 "may have been impacted by its determination that the issue was a matter of Article III standing," the Circuit remanded only for "reconsideration in light of . . . *Fund Liquidation Holdings*."  *Id.* at 414.  In light of this narrow mandate, the Court adheres to its prior alternative ruling dismissing Nastasi's claims under Rule 17.  More specifically, and as the Court explains below, many of Nastasi's arguments on remand are beyond the scope of the Second Circuit's mandate; to entertain them would violate the "mandate rule" and give Nastasi an impermissible second (or even third) bite at the apple.  To the extent that Nastasi makes proper arguments about the impact of *Fund Liquidation Holdings* on the Court's alternative Rule 17 holding, its arguments are unpersuasive.  Put simply, the Court's alternative holding was not "impacted" by its belief that Nastasi's apparent pre-suit assignment of all its claims to another entity was a matter of Article III standing.

## BACKGROUND

For present purposes, the procedural history of this case is more important than the particulars of Nastasi's claims.  Nastasi filed suit on December 31, 2018, alleging violations of both federal and state laws.  *See* ECF Nos. 1, 142 ("FAC").  On June 17, 2019, Defendants moved to dismiss the then-operative First Amended Complaint pursuant to both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* ECF No. 147.  Notably, their very first argument was that Nastasi lacked standing to pursue its claims because it was not a real

party in interest.  *See* ECF No. 148 ("Defs.' Joint MTD Mem."), at 8.[1]  In support of that

argument, Defendants cited a verified complaint filed in parallel state-court proceedings (the

"State Court Complaint"), in which Nastasi had alleged that, "[e]ffective January 1, 2017," the

Franklin D. Nastasi Trust (the "FDN Trust") "became the owner of all of Nastasi's assets,

including the rights to all of Nastasi's account receivables."  *See* ECF No. 155-4 ("NY Compl."),

¶ 9; Defs.' Joint MTD Mem. 8.  Defendants attached to their motion papers a copy of the State

Court Complaint, *see* NY Compl., and argued that the Court could and should take "judicial

notice" of Nastasi's allegation, Defs.' Joint MTD Mem. 7 n.5 (cleaned up).  In response, Nastasi

conceded that the FDN Trust "may have the rights" to its receivables but argued that it was still

"the proper party in interest" because it had "participated in all of the acts which gave rise to the

allegations in the [Complaint]."  ECF No. 167 ("MTD Opp'n"), at 12-13.  Notably, Nastasi did

not submit the agreement assigning its assets to the FDN Trust or any other evidence that would

suggest that the assignment of "all of Nastasi's assets" excluded the claims at issue in this case.

By Memorandum Opinion and Order entered on March 11, 2020, the Court granted

Defendants' motion to dismiss on the ground that Nastasi lacked standing.  *See Nastasi &*

*Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2020 WL 1166055 (S.D.N.Y. Mar.

11, 2020) (ECF No. 172) ("*Nastasi I*").  Relying on the Second Circuit's decisions in *Valdin*

*Invs. Corp. v. Oxbridge Cap. Mgmt. LLC*, 651 F. App'x 5, 7 (2d Cir. 2016) (summary order), and

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (2d Cir.

1984), the Court concluded that a plaintiff cannot establish the injury in fact required for

standing "where, before filing the lawsuit, it assigns its title or ownership of the claims at issue to

---

[1]      Several Defendants had raised the same argument earlier, in April 2019, in reference to
the original Complaint.  *See* ECF Nos. 122, 140.

another party."  2020 WL 1166055, at *1.  Finding that the "broad language" of the alleged

assignment to the FDN Trust "encompasse[d] Nastasi's claims in this case," the Court held that

Nastasi "did not have any interest in this litigation when it filed suit" and thus dismissed the

action "for lack of standing."  *Id.* at *2 (internal quotation marks omitted).  In a footnote, the

Court noted that "[s]ome courts [had] treated the defect at issue here as an issue under Rule 17 of

the Federal Rules of Civil Procedure rather than a matter of Article III standing," but concluded

that "[t]hat view [was] hard to square with Second Circuit decisions."  *Id.* at *2 n.1.  "In any

event," the Court continued, "even if the issue were analyzed under Rule 17," dismissal was still

warranted for failure to prosecute the action in the name of the real party in interest because

Nastasi had had a "'reasonable time . . . for the real party in interest to ratify, join, or be

substituted into the action'" and Nastasi had "fail[ed] to proffer any 'semblance of any

reasonable basis' for not adding or substituting the FDN Trust."  *Id.* (quoting Fed. R. Civ. P.

17(a)(3); *Dekalb Cnty. Pension Fund v. Transocean Ltd*., 817 F.3d 393, 412 (2d Cir. 2016)).

    Nastasi sought reconsideration, arguing, among other things, that the Court had erred in

dismissing the action for lack of standing and in not giving the FDN Trust an opportunity to join

or ratify the action pursuant to Rule 17(a)(3).  *See* ECF No. 174.  The Court denied the motion as

"too little too late," noting that Nastasi relied on evidence that had been available to it when

responding to Defendants' motion to dismiss.  *Nastasi & Assocs., Inc.*, No. 18-CV-12361 (JMF),

2020 WL 2555281 (S.D.N.Y. May 20, 2020) (ECF No. 183) ("*Nastasi II*").  In any event, the

Court concluded, "Nastasi's belatedly proffered evidence" did "not suffice to establish standing"

because it failed to "shed[] any light on what happened on January 1, 2017" — when, according

to the State Court Complaint, the FDN Trust had "bec[o]me the owner of all of [Nastasi's]

assets.'"  *Id.* at *2 (quoting NY Compl. ¶ 9).  As for Nastasi's argument that the FDN Trust

should have been given the opportunity to join or ratify the action, the Court reaffirmed its earlier conclusion that Nastasi had "had a 'reasonable time' to seek joinder or ratification before the Court issued its Memorandum Opinion and Order." *Id.* at *3 (quoting Fed. R. Civ. P. 17(a)(3)). As the Court noted, Defendants had "explicitly raised the standing issue" in June 2019, "over two months before Nastasi filed its" opposition to the motion to dismiss "and almost nine months before the Court issued its Memorandum Opinion and Order" granting the motion. *Id.* at *2. In fact, the Court noted, "[t]he issue [had been] flagged even earlier in two individual Defendants' memoranda of law in support of Defendants' original motion to dismiss." *Id.* "At no point throughout this extended period," the Court continued, "did Nastasi seek to introduce evidence disputing the [FDN] Trust's ownership of its claims; to the contrary, Nastasi appeared to admit that its state-court allegations were accurate." *Id.* (citing MTD Opp'n 13).

Nastasi timely appealed from both the Court's dismissal and the Court's denial of the motion for reconsideration. *See* ECF Nos. 185 & 186. Shortly before Nastasi's appeal was argued, the Second Circuit decided *Fund Liquidation Holdings*, holding that a party's pre-filing assignment of its claim does not deprive that party of Article III standing, but instead presents a real-party-in-interest issue under Rule 17(a). *See* 991 F.3d at 380. Citing *Aaron Ferer & Sons* and *Valdin Investments* — the decisions on which this Court had relied in granting Defendants' motion to dismiss for lack of Article III standing — the Second Circuit acknowledged that its earlier "pronouncements" on the matter had been "a bit of a mixed bag." *Id.* at 381. Nevertheless, the Court concluded that "Article III is satisfied so long as a party with standing to prosecute the specific claim in question exists at the time the pleading is filed. If that party (the real party in interest) is not named in the complaint, then it must" — pursuant to Rule 17(a)(3) — "ratify, join, or be substituted into the action with a reasonable time. Only if the real party in

interest either fails to materialize or lacks standing itself should the case be dismissed for want of subject-matter jurisdiction." *Id.* at 386; *see* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").

On April 13, 2021, the Second Circuit issued a summary order vacating the judgment of this Court and remanding for further proceedings in light of *Fund Liquidation Holdings*. *See Nastasi III*, 843 F. App'x at 414-15. "Neither party," the Circuit noted, "contest[ed] that in consideration of [*Fund Liquidation Holdings*]," this Court's "dismissal, on the basis that Nastasi lacked Article III standing, was in error." *Id.* at 414. The Circuit then continued:

> As to the district court's alternative holding under Rule 17 of the Federal Rules of Civil Procedure, the court's fact-finding as to the "real party in interest" and its determination that Nastasi had a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action" may have been impacted by its determination that the issue was a matter of Article III standing. We therefore remand to the district court for reconsideration in light of this Court's decision in *Fund Liquidation Holdings*.

*Id.* (internal citation omitted). The Second Circuit then concluded its summary order as follows: "We have considered Nastasi's remaining arguments and find them to be without merit. Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order." *Id.* at 415 (footnote omitted).

On remand, this Court ordered the parties to file supplemental briefs addressing the impact of the Second Circuit's decision. *See* ECF Nos. 192-94.

## DISCUSSION

In evaluating Nastasi's arguments on remand, the law-of-the-case doctrine looms large. That doctrine "has two branches," *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir.

2002), both of which are relevant here.  The first branch "requires a trial court to follow an appellate court's previous ruling on an issue in the same case.  This is the so-called 'mandate rule.'"  *Id.* (citations omitted).  It provides that "where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court."  *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (internal quotation marks omitted).  The rule "prevents relitigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Id.* (internal quotation marks omitted).  Additionally, it provides that "where the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand."  *Id.* (internal quotation marks omitted).

The "second and more flexible branch" of the law-of-the-case doctrine "is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court.  It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise."  *Quintieri*, 306 F.3d at 1125 (cleaned up).  One corollary of that proposition is that "the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Magid v. Waldman*, No. 19-CV-11516 (JMF), 2020 WL 7047758, at *1 (S.D.N.Y. Dec. 1, 2020) (cleaned up).  "The major grounds justifying reconsiderations are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *In re Gen. Motors LLC*

*Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2018 WL 1989572, at *1 (S.D.N.Y. Apr. 25, 2018) (internal quotation marks omitted).  "It is well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Nigro v. City of New York*, No. 19-CV-2369 (JMF), 2020 WL 7629455, at *1 (S.D.N.Y. Dec. 22, 2020) (cleaned up).  Ultimately, "a district court has broad discretion in determining whether to grant a motion [for reconsideration]."  *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

At bottom, Nastasi raises only two arguments on remand that thread the needle of these two rules.  First, Nastasi argues that, by focusing on the issue of standing, the Court improperly imposed on Nastasi the burden of establishing that it was the real party in interest — as opposed to imposing on Defendants the burden of proving that Nastasi was *not* the real party in interest.  ECF No. 193 ("Pl.'s Supp. Br."), at 9.  At best, however, the question of which party bears the burden of proof in the Rule 17 context is unsettled.  *Compare OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 380 F. Supp. 2d 243, 246 (S.D.N.Y. 2005) ("The plaintiff bears the burden of 'show[ing] that he has a substantive right to recover and thus is the real party in interest.'" (quoting 20 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE DESKBOOK § 75 (2002)), *with Novak v. Active Window Prods., Inc.*, No. 01-CV-3566 (DLI) (WDW), 2007 WL 749810, at *3 (E.D.N.Y. Mar. 7, 2007) ("Defendants, as the movants, bear the burden to establish that plaintiff is not the real party in interest and defendants have failed to do so.").  And either way, the issue is immaterial here because the burden of proof played no role in the Court's Rule 17(a) decision; at the time of the Court's rulings, the relevant fact — namely, that Nastasi

had assigned all of its assets to the FDN Trust — was undisputed.  Put differently, even if it was Defendants' burden to prove that Nastasi was *not* the real party in interest, they easily carried that burden by submitting Nastasi's own State Court Complaint alleging that the FDN Trust, and not Nastasi, owned the claims at issue.  *See* NY Compl. ¶ 9.

Second, Nastasi contends that because it erroneously framed the issue as one of Article III standing, the Court considered an extrinsic document — namely, the State Court Complaint — that it could not have considered under Rule 17(a) alone.  Pl.'s Supp. Br. 6-8.  But Nastasi overstates the case in asserting that "a court considering whether a plaintiff is the real party in interest is confined to the pleadings." *Id.* at 7.  Yes, courts sometimes entertain Rule 17(a) challenges pursuant to Rule 12(b)(6), in which case they confine their consideration to the materials courts may consider on a motion to dismiss for failure to state a claim: "only the pleadings, attached exhibits, and documents incorporated by reference therein." *QS Holdco Inc. v. Bank of Am. Corp.*, No. 18-CV-824 (RJS), 2019 WL 3716443, at *3 (S.D.N.Y. Aug. 6, 2019) (Sullivan, J.); *accord Aleem v. Experience Hendrix, L.L.C.*, No. 16-CV-9206 (ER), 2017 WL 3105870, at *4 (S.D.N.Y. July 20, 2017).  But that framing does not appear to be a hard-and-fast rule.  In fact, many courts faced with Rule 17 objections "have allowed the use of discovery" and "take[n] testimony to determine the relationship of the persons involved," 6A Wright & Miller, *Federal Practice and Procedure*, § 1554 (3d ed.) (footnotes omitted) (citing cases), procedures that are impermissible under Rule 12(b)(6).  In other words, Nastasi fails to point to any controlling authority holding that a court *must* consider a Rule 17(a) objection pursuant to Rule 12(b)(6) and thus limit its consideration of extrinsic evidence.

In any event, once again, Nastasi's argument is immaterial.  Assuming *arguendo* that the Court was limited when considering Defendants' Rule 17(a) challenge to those materials it could

consider on a Rule 12(b)(6) motion, it properly considered Nastasi's State Court Complaint by taking judicial notice of the pleading. *See, e.g.*, *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (per curiam) (noting that a court can consider "matters of which judicial notice may be taken" in evaluating a Rule 12(b)(6) motion).  To be sure, as Nastasi points out, "judicial notice of a document filed in another court" is generally appropriate "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks omitted).  But courts recognize an exception to this general rule where a party makes an admission in another judicial proceeding and, "upon adequate notice, neither . . . contest[s] the . . . factual characterization of its . . . admission nor [seeks] to convert [the] motion to dismiss into a motion for summary judgment." *5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512, 519 (E.D.N.Y. 1996); *see Abdul-Rahman v. City of New York*, No. 10-CV-2778 (ILG), 2012 WL 1077762, at *3-4 (E.D.N.Y. Mar. 30, 2012) (taking judicial notice of the plaintiff's testimony in a separate state court proceeding where he failed to "disavow[] his prior testimony []or . . . offer[] a contradictory set of facts"); *Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) ("[T]he Court may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.").

That exception squarely applied here.  The Court relied on an unambiguous admission that Nastasi had made in a verified state court pleading — an admission that it had made, no less, in three successive state court pleadings. *See Franklin D. Nastasi Trust v. Bloomberg L.P.*, No. 603508/2017 (N.Y. Sup. Ct.), Docket No. 1 (Complaint filed on April 22, 2017), ¶ 9; *id*. at Docket No. 38 (Amended Complaint filed on February 14, 2018), ¶ 11; *id*. at Docket No. 103

(Second Amended Complaint filed on March 5, 2019), ¶ 33. Moreover, Nastasi was plainly on

"sufficient notice of the [D]efendants' intention that this Court take judicial notice of its

. . . admission," *5-Star Mgmt.*, 940 F. Supp. at 519, as Defendants raised the issue as the very

first argument in their motion-to-dismiss briefing and attached the State Court Complaint to their

moving papers. *See* Defs.' Joint MTD Mem. 8; NY Compl. Additionally, Defendants explicitly

invoked the Court's ability to take "judicial notice" of "documents filed in other courts to

establish the fact of such litigation and related filings." *Id.* at 7 n.5 (cleaned up). Finally,

although Nastasi's admission in the State Court Complaint "contradicted" its allegations here, *5-*

*Star Mgmt.*, 940 F. Supp. at 522, Nastasi conspicuously did not "disavow[]" its prior pleading,

*Abdul-Rahman*, 2012 WL 1077762, at *3, or, for that matter, even "contest[] [its] . . . factual"

accuracy, *5-Star Mgmt.*, 940 F. Supp. at 519. In these circumstances, the Court was entitled to

take judicial notice of Nastasi's admission in the State Court Complaint.

       To entertain Nastasi's remaining arguments on remand would either run afoul of the

mandate rule or give Nastasi an inappropriate third bite at the apple. Significantly, the Second

Circuit's mandate "cannot reasonably be construed to authorize" *de novo* review on remand.

*United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). Instead, "[i]t is unambiguously limited

in scope." *Id.* The Court of Appeals merely directed this Court to "reconsider[]" its "alternative

holding under Rule 17 . . . in light of . . . *Fund Liquidation Holdings*." *Nastasi III*, 843 F. App'x

at 414. What's more, it expressly limited its remand "for further proceedings *consistent with*

[*its*] *order*." *Id.* at 415 (emphasis added). And that order noted that the Court of Appeals had

"considered Nastasi's remaining arguments" and found them "to be without merit." *Id.* It

follows that the Court may not consider any arguments that go beyond the impact of *Fund*

*Liquidation Holdings* on its prior Rule 17 decision. These include Nastasi's arguments based on

factual developments that allegedly occurred after the Court's decisions in March and May 2020 (namely, the granting of Nastasi's motion in state court to strike the critical allegation from its State Court Complaint and the FDN Trust's alleged reassignment to Nastasi of any rights in Nastasi's claims).  *See* Pl.'s Supp. Br. 8-9 & n.2.  To entertain these new arguments would be to go beyond the narrow issue left open by the Second Circuit on remand.

So too, Nastasi seeks to improperly relitigate — for a third time — the Court's determination that Nastasi failed to cure the Rule 17(a) defect within a "reasonable time."  *See* Pl.'s Supp. Br. 11-14; *see also Nastasi I*, 2020 WL 1166055, at *2 n.1; *Nastasi II*, 2020 WL 2555281, at *3.  At most, the Second Circuit's mandate invites this Court to "reconsider[]" whether that determination was "impacted" by *Fund Liquidation Holdings*.  843 F. App'x at 414.  But Nastasi pays only lip service to the limited nature of that invitation.  That is, it does not meaningfully argue that this Court's determination was impacted by the Second Circuit's intervening decision.  Nor could it, as *Fund Liquidation Holdings* did not alter the preexisting jurisprudence on Rule 17(a)(3)'s "reasonable time" limitation.  Instead, as Nastasi more or less concedes, it presses here the exact same argument that it pressed on its motion for reconsideration.  *Compare* Pl.'s Supp. Br. 11-12 ("*As Plaintiff has previously argued*, it was reasonable to wait until after receiving the Court's decision on standing prior to seeking leave for the [FDN] Trust to ratify." (emphasis added) (citing, among other cases, *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03-MD-1529 (LMM), 2009 WL 1490599, at *3 (S.D.N.Y. May 21, 2009))), *with* ECF No. 180, at 7 (arguing that Nastasi had sought ratification within a "reasonable time" because it did so "within fourteen days of the Court's decision" (citing, among other cases, *In re Adelphia*, 2009 WL 1490599, at *3)).  That argument was "too little, too late" when Nastasi made it on reconsideration from the Court's original ruling.  *Nastasi*

*II*, 2020 WL 2555281, at *1.  It would undermine the principle of finality even more to consider

it now.  *See, e.g.*, *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at

*1 (S.D.N.Y. Apr. 23, 2012) (emphasizing that the rules limiting reconsideration are meant to

"ensure the finality of decisions and to prevent the practice of a losing party examining a

decision and then plugging the gaps of a lost motion with additional matters" (internal quotation

marks omitted)).

    On top of that, Nastasi fails to identify any "controlling decision[]" that the Court

overlooked in making its "reasonable time" determination.  *Nigro*, 2020 WL 7629455, at *1

(internal quotation marks omitted).  In support of its argument that the relevant time is measured

from the date of the Court's decision, not the date of Defendants' motion, Nastasi cites only two

district court decisions and two decisions from other Circuits, *see* Pl.'s Supp. Br. 12, none of

which, of course, are controlling.  Moreover, Nastasi overlooks other decisions — including by

the Second Circuit — that have gone the other way and measured the relevant time from the date

on which the real-party-in-interest problem was first raised by a defendant.  *See, e.g.*, *Pa. Pub.*

*Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 122 n.5 (2d Cir. 2014) ("[Rule

17(a)(3)] permits ratification of a claim within a 'reasonable time' *after a standing objection is*

*raised* . . . ." (emphasis added)); *Chrebet v. Cnty. of Nassau*, No. 09-CV-4249 (DRH) (AKT),

2014 WL 1836835, at *21 (E.D.N.Y. May 8, 2014) (measuring the plaintiff's delay from the

filing of the defendants' answer, which "specifically alerted" the plaintiff to the defect); *Abu*

*Dhabi Com. Bank v. Morgan Stanley & Co. Inc*., 888 F. Supp. 2d 478, 490 (S.D.N.Y. 2012)

(holding that the plaintiff's ratification attempt was made "more than 'a reasonable time' after

objections to [its] standing were raised" because it "provided no reason [as to why] it did not file

a ratification declaration along with [its] opposition to defendants' motion for summary

judgment"), *aff'd sub nom.*, *Commonwealth of Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 814 F.3d 641, 643 (2d Cir. 2016) (per curiam) ("Given [the plaintiff's] delay in filing the motion, the district court acted well within its discretion in denying [its Rule 17(a) ratification motion as untimely."); *OSRecovery*, 380 F. Supp. 2d at 249 (rejecting ratification as untimely where the plaintiff waited five months to raise the issue after the defendant had raised it and the plaintiffs had "ample opportunity to adduce evidence needed to establish valid assignments" in their opposition papers).

If anything, therefore, "controlling decisions" cut against Nastasi.  At a minimum, the different approaches reflect the fact that "determination of what constitutes a reasonable time is left to the discretion of the court."  *OSRecovery,* 380 F. Supp. 2d at 248; *see Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 122 n.5 (noting that "the breadth of" what constitutes a "reasonable time" for purposes of Rule 17(a)(3) "is left to the district court to determine").  To the extent that is the case, however, Nastasi provides no basis at this late date to reconsider the Court's earlier determinations.  The Court's earlier determinations were based on Nastasi's own unambiguous sworn statements in a verified state court pleading and the conspicuous failure by Nastasi in this case to disavow or dispute the statements when they were raised as a basis for dismissal by Defendants.  In other words, this was not a case in which there was "difficulty or confusion in identifying the real parties in interest."  *OSRecovery*, 380 F. Supp. 2d at 248.  In response to Defendants' motion, Nastasi could have disputed the fact of the assignment.  It could have sought immediate ratification by the FDN Trust.  Or, at a minimum, it could have reserved its right to seek ratification by the FDN Trust in the event that the Court ended up agreeing with Defendants that there was a real-party-in-interest problem.  It did none of these things and, when pressed, failed to provide a "semblance of any reasonable basis for the naming of an incorrect

party." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). Instead, Nastasi chose to rest on the feeble argument that it was the real party in interest because it had "participated in all of the acts which gave rise to the allegations in the [Complaint]." MTD Opp'n 12-13. Having put all of its eggs in that basket, Nastasi cannot now be heard to complain about the consequences of its own litigation choices.

## CONCLUSION

For the foregoing reasons, the Court adheres to its earlier determinations that Nastasi was not the real party in interest, that Nastasi waited an unreasonable time to seek relief pursuant to Rule 17(a)(3), and that dismissal pursuant to Rule 17 was therefore appropriate. Nastasi's arguments for reconsideration of these determinations are unpersuasive, run afoul of the Second Circuit's narrow mandate on remand, or seek an impermissible second (or even third) bite at the apple. Accordingly, Nastasi's claims are DISMISSED yet again. The Clerk of Court is directed to close the case and reenter judgment for Defendants.

SO ORDERED.

Dated: August 11, 2021
      New York, New York
                                  JESSE M. FURMAN
                                  United States District Judge